UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| STEVEN W. EVERLING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:14-cv-00024-TWP-DML |
| PATRICK RAGAINS, THOMAS BRODERICK, COUNTY OF MADISON, JANE DOE, and JOHN DOE, | ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS TO DISMISS

This matter is before the Court on Motions to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Patrick Ragains ("Mr. Ragains"), Thomas Broderick ("Mr. Broderick"), and Greg Alley ("Mr. Alley")[1] (Filing No. 19) and by Defendant County of Madison (Filing No. 34). Plaintiff Steven W. Everling ("Mr. Everling") filed this action pursuant to 42 U.S.C. § 1983, alleging wrongful prosecution and numerous state tort claims. For the following reasons, the Court **GRANTS** the Motions to Dismiss.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a 12(b)(6) motion, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the

---

[1] On September 26, 2014, Plaintiff Steven W. Everling and Mr. Alley filed a Joint Stipulation of Dismissal with Prejudice of this action against Mr. Alley (Filing No. 55). The Court ordered dismissal of the action against Mr. Alley on September 29, 2014; therefore, Mr. Alley no longer is a defendant in this matter (Filing No. 57).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that a complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## II. BACKGROUND

Mr. Everling filed this action on January 9, 2014. His suit stems from a criminal prosecution for child molestation in which he was the defendant. The investigation began in February 2008. The Complaint alleges that the authorities who responded to the claim of child molestation engaged in suspect investigation practices, including failure to interview the mother of the minor child claiming molestation. In July 2008, after charges had been filed against Mr. Everling, the prosecuting attorneys, who included Mr. Ragains, directed the minor child to undergo a medical examination. The examination found no injuries consistent with molestation. In violation of *Brady v. Maryland*, 373 U.S. 83 (1963), Mr. Ragains asked the medical expert to not write a report because Mr. Ragains wished to avoid the need to disclose the exculpatory information to Mr. Everling. During Mr. Everling's trial, Mr. Ragains represented to the jury that there had been

an injury to the minor child. The jury found Mr. Everling guilty, and the trial judge sentenced Mr. Everling to 110 years in prison on December 2, 2008.

The Indiana Court of Appeals affirmed the conviction and sentence. However, on July 8, 2010, the Indiana Supreme Court overturned Mr. Everling's conviction on the grounds that the judge showed partiality, and Mr. Everling was released from custody.[2] Between Mr. Everling's conviction and subsequent release, a new prosecutor was elected for Madison County, Indiana. Rather than attempt another trial, the new prosecutor opted to dismiss the charges.

With the criminal prosecution ended, Mr. Everling decided to bring a 42 U.S.C. § 1983 action, alleging that the misconduct surrounding his investigation and prosecution deprived him of his civil rights. Mr. Everling brought this action against a variety of defendants, some of which already have been dismissed by stipulation of the parties. This Order concerns only three of the remaining defendants: Mr. Ragains, the deputy prosecutor who handled Mr. Everling's criminal case; Mr. Broderick, the elected Madison County prosecutor at the time of Mr. Everling's trial; and the County of Madison, where the prosecution occurred.

### III. ANALYSIS

The crux of Mr. Everling's claim is that the investigation and prosecution for child molestation were improperly conducted. Of the seven claims asserted against Mr. Ragains, Mr. Broderick, or the County of Madison, the first four claims are federal claims arising out of 42 U.S.C. § 1983. The remaining three claims—abuse of process, malicious prosecution, and a long list of tort and fraud claims—do not clearly identify whether state or federal law is meant to apply.

---

[2] See *Everling v. State*, 929 N.E. 2d 1281 (Ind. 2010).

Consequently, the Complaint is analyzed for allegations that state a cognizable claim under either federal or state law.[3]

**A. Defendants Ragains and Broderick**

Mr. Everling's Complaint names deputy prosecuting attorney Patrick Ragains and elected prosecuting attorney Thomas Broderick as defendants in both their individual and official capacities. However, the Eleventh Amendment bars private parties' suits in federal court against states, state agencies, and state officials acting in their official capacity unless the state consents to the filing of such a suit. *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978); *Meadows v. Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Indiana has not waived Eleventh Amendment immunity. *Meadows*, 854 F.2d at 1069. Mr. Ragains and Mr. Broderick argue that prosecuting attorneys in Indiana are state, not county, officials and that all claims against them in their official capacities are thus improper. Mr. Ragains and Mr. Broderick cite *Bibbs v. Newman* as support for their proposition. 997 F. Supp. 1174, 1179–81 (S.D. Ind. 1998) (holding that an Indiana prosecuting attorney acts as a state official when making employment decisions). Mr. Everling asserts that *Bibbs* should be interpreted as holding that prosecutors are state officials only when making employment decisions. However, *Bibbs* explains that "[a] prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases." 997 F. Supp. at 1178. Thus, all claims brought against Mr. Ragains and Mr. Broderick in their official capacities are improper and must be dismissed.[4]

---

[3] Mr. Everling has not responded to Defendants' arguments that the official capacity damage claims should be dismissed, that the prosecutors are immune as to the state law claims, that there is no viable conspiracy claim, that claims of inadequate or incomplete investigation are not actionable, that the prosecutors are immune as to the claim of intentional infliction of emotional distress even apart from their state prosecutorial immunity or that the prosecutors are immune under the Indiana Tort Claims Act. Although these arguments are considered waived by the failure to respond, for the sake of thoroughness, the Court will briefly address some of these claims.

[4] Mr. Ragains and Mr. Broderick also argue that state employees sued in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983, relying on *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Mr. Ragains and Mr. Broderick also are sued in their individual capacities. However, because federal and state prosecutorial immunity applies, the individual capacity claims must be dismissed as well. *See Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014) ("[T]o the extent that he is suing [the defendant] in his individual capacity, damages are barred by absolute prosecutorial immunity."); *Hupp v. Hill*, 576 N.E.2d 1320, 1325–26 (Ind. Ct. App. 1991) (applying prosecutorial immunity to claim against prosecutor in individual and official capacities). As deputy and elected prosecutor for the Madison County Prosecutor's Office, Mr. Ragains and Mr. Broderick were responsible for conducting Mr. Everling's prosecution. The parties agree that prosecutorial misconduct occurred. However, that alone is not enough. Federal and state courts have determined that exposing prosecutors to civil liability for doing their job would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976).

**1. Federal Law Claims**

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages" under 42 U.S.C. § 1983. *Imbler*, 424 U.S. at 431. In *Imbler*, the Supreme Court emphasized that the prosecutor's activities justified immunity because they were "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Notably, the Court left open the question of whether and to what extent immunity might apply when the prosecutor was acting "in the role of an administrator or investigative officer rather than that of advocate." *Id.* at 430–31. The Supreme Court more recently reiterated the absolute prosecutorial immunity from suit under § 1983. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–42 (2009).

---

Because, as *Bibbs* establishes, Indiana prosecutors are state officials, this argument represents an alternative basis on which to dismiss the claims against Mr. Ragains and Mr. Broderick in their official capacities.

After *Imbler*, the Supreme Court clarified that "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In *Buckley*, the Court held that a prosecutor was not entitled to absolute immunity for "allegedly fabricating evidence during the preliminary investigation of a crime," *id.* at 261, because there was not yet probable cause to arrest the eventual defendant. *Id.* at 274. However, "preparing for the initiation of judicial proceedings," evaluating the "evidence assembled by the police," and making preparations to present the evidence at trial "after a decision to seek an indictment has been made" are covered by absolute immunity. *Id.* In those scenarios, the prosecutor is acting as an advocate, not an investigator. In *Van de Kamp*, the Court reemphasized this distinction: "[I]mmunity may not apply when a prosecutor is not acting as an officer of the court, but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 342. Therefore, it is "the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis." *Forrester v. White*, 484 U.S. 219, 229 (1988).

A prosecutor's absolute immunity applies even when the prosecutor engages in misconduct, including *Brady* violations. For instance, in *Imbler*, the prosecution used false or misleading testimony and suppressed exculpatory evidence. 424 U.S. at 414–15. Regardless, the Court affirmed the dismissal of the case for failure to state a claim, finding that absolute immunity applied. *Id.* at 430–31. In *Fields v. Wharrie*, another case where the prosecutor was accused of deliberately suppressing exculpatory evidence, the Seventh Circuit declared that "*Brady* and *Giglio* duties are functionally prosecutorial—they are intimately related to the judicial phase of the

criminal process." 672 F.3d 505, 513 (7th Cir. 2012). *See also Van de Kamp*, 555 U.S. 335 (holding that prosecutors who engaged in *Giglio* violations were still entitled to absolute immunity).

Further, inadequate investigation is not an actionable claim. As the Fifth Circuit has explained: "[t]he claim that the prosecutor failed to investigate is not of constitutional dimension." *Simmons v. Wainwright*, 585 F.2d 95, 96 (5th Cir. 1978) (cited with approval by *Kompare v. Stein*, 801 F.2d 883 (7th Cir. 1986)). The police, much less the prosecutor, have "no constitutional duty to keep investigating a crime" once probable cause has been established. *Kompare*, 801 F.2d at 890.

After paring away conclusory assertions, the Complaint alleges that Mr. Ragains and Mr. Broderick engaged in three kinds of misconduct: the *Brady* violation, a failure to "thoroughly investigate and assess the allegations" and Ragains intentionally presented false information to the Court by claiming that here had been an injury to the complaining witness. None of these allegations of misconduct can serve as the factual basis for a legal cause of action. First, *Fields* and *Van de Kamp* have held that prosecutors have absolute immunity for *Brady* violations. Additionally, the Court emphasizes that the *Brady* violation alleged in the Complaint—having the minor child undergo a medical examination and then not disclosing the exculpatory results—was initiated after charges had been filed. Unlike *Buckley,* the present case does not involve pre-arrest investigation. Rather, the decision to conduct the medical examination was made while preparing the prosecution. The Complaint alleges that after charges had already been filed "Ragains…had the complaining witness participate in a medical examination" and "Ragains specifically requested that the medical expert not prepare a report" so that he would not have to "disclose exculpatory information to Everling." (Filing No. 1 at ECP p. 9-10). Importantly, the refusal to produce exculpatory evidence occurred in the midst of the prosecution, rather than during the investigatory

7

stage. Further, the allegation that Ragains presented false information to the Court also occurred during trial, again in the midst of the prosecution. Everling does not allege that Ragains committed any acts outside of his role as prosecutor.

Second, the allegations in the Complaint asserting that defendants did not adequately investigate do not give rise to a constitutionally cognizable claim. The only non-conclusory allegation the Complaint makes regarding investigation is that "Defendants intentionally failed to interview the Mother of the minor who made the false and inaccurate charges." ([Filing No. 1 at ECF p. 9 ¶ 32](#).) Even if failure to adequately investigate could serve as the legal basis for a claim, more than one example of careless investigation would be necessary. Regardless, the Complaint has a bigger problem. If conducting a thorough investigation is beyond the scope of Mr. Ragains and Mr. Broderick's prosecutorial duties, then they cannot be held liable for failing to thoroughly investigate. But if conducting a thorough investigation is within their duties, then it would be protected by prosecutorial immunity.

Because there is no underlying substantive claim, the conspiracy cause of action must be dismissed. "[T]here is no constitutional violation in conspiring to cover up an action which does not itself violate the constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). *See also Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("The jury's conclusion that the Cefalus suffered no constitutional injury thus forecloses relief on the conspiracy claim."). Because all the federal claims under 42 U.S.C. § 1983 are barred by prosecutorial immunity, there is no underlying cause of action on which to base a conspiracy claim.

2. **State Law Claims**

The Complaint also asserts a number of state law claims, including malicious prosecution, intentional infliction of emotional distress, and fraud. These claims stem from the same alleged

misconduct as the federal claims. As pled, the state law claims in the Complaint are all barred under both Indiana prosecutorial immunity and the Indiana Tort Claims Act.

Prosecutorial immunity under Indiana law is even broader than under federal law. When Indiana prosecutors act "reasonably within the general scope of authority granted" to them, they receive absolute immunity. *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979). The prosecutor in *Foster* was sued for libel after he made statements to the press about the plaintiff. *Id.* at 447. Even though these statements were clearly not part of any judicial proceeding, the Indiana Supreme Court still applied absolute immunity. *Id.* at 449.

Likewise, exceptions to the Indiana Tort Claims Act shield government employees from liability if they are "acting within the scope of [their] employment" and engaged either in the "initiation of a judicial or an administrative proceeding" or "[t]he performance of a discretionary function." Ind. Code §§ 34-13-3-3(6)–(7). *Foster v. Pearcy* also discussed the Indiana Tort Claims Act, ruling that the "duty to inform the public can be characterized as a discretionary function" and thus would be afforded absolute immunity under the Act. *Foster*, 387 N.E. at 449. The court, in *Foster*, found its holding necessary to "insure that the prosecutor will be able to exercise the independent judgment necessary to effectuate his duties to investigate and prosecute criminals and to apprise the public of his activities." *Id.* According to *Livingston v. Consolidated City of Indianapolis*, the Indiana Tort Claims Act also creates immunity for the "State of Indiana and other political subdivisions and their police officers in actions for malicious prosecution." 398 N.E.2d 1302, 1305 (1979).

Because Indiana's prosecutorial immunity is broader than federal prosecutorial immunity, and federal immunity already has been found to cover all allegations in the Complaint, Mr. Everling's allegations fare no better under state causes of action. Decisions regarding whether to

turn over evidence fall within the scope of authority granted to prosecutors. Likewise, the decision to investigate the charges in a certain way or stop investigation without exhausting every potential lead is within the prosecutor's scope of authority.

Even if prosecutorial immunity did not apply, Mr. Ragains and Mr. Broderick are provided immunity under the Indiana Tort Claims Act. The *Brady* violation involves the "initiation of a judicial or an administrative proceeding." Ind. Code § 34-13-3-3(6). The exchange of discovery and presentation of evidence is an integral part of trial. The decision to not interview the mother of the minor child alleging abuse was "discretionary." Ind. Code § 34-13-3-3(7). In *Foster*, the court sought to protect the ability of prosecutors to exercise their independent judgment to, among other things, investigate crimes. 387 N.E.2d at 449. Here, the prosecutors made a discretionary decision to not question the witness highlighted by the Complaint. The Indiana Tort Claims Act provides immunity. Mr. Ragains and Mr. Broderick are immune from being sued on Mr. Everling's state law claims.

**B. Defendant County of Madison**

The Complaint alleges only three causes of action against the County. The first two are federal claims brought pursuant to 42 U.S.C. § 1983. The other cause of action lists a number of tort and fraud claims. The Court notes two things regarding the allegations asserted against the County. First, no factual allegations in the Complaint, aside from the assertion that Mr. Everling is a citizen of Madison County, mention the County specifically. Second, the only causes of action against the County are asserted against "All Defendants." ([Filing No. 1 at 15](#), 21.)

**1. 42 U.S.C. § 1983 Claims**

Local governments may be sued under 42 U.S.C. § 1983 only when the allegations satisfy certain requirements. "[A] local government may not be sued under § 1983 for an injury inflicted

solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In other words, a local government "cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Rather, to establish liability of a local government, a complaint must allege that the plaintiff's rights were violated by

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006)).

The allegations in the Complaint fall short of adequately alleging any of the *Monell* prongs. Mr. Everling argues that *Walker v. City of New York* provides an example of a municipality being sued for a *Brady* violation. 974 F.2d 293 (2d Cir. 1992). However, *Walker* was decided prior to the current pleading standard established in *Twombly*. Further, there is no allegation that the injuries sustained by Mr. Everling were the result of an express policy of Madison County. There also is no allegation that Madison County conducted inadequate training. Mr. Everling accuses the County of policies of hiding and falsifying testimony, failing to comply with court orders that might result in exculpatory evidence, maliciously manipulating criminal investigations, and hiring individuals who would implement such policies (Filing No. 1 at 4). Yet, no specific, non-conclusory examples of such policies are provided. The Complaint makes no allegation that Mr. Ragains talked with anyone else employed by Madison County before refusing to disclose the exculpatory evidence, much less that there was a County policy of hiding such evidence. Likewise, there is no allegation in the Complaint which attributes the failure to interview the minor child's mother to an express policy of Madison County.

There is even less support for the argument that such misconduct is a widespread practice in Madison County constituting a custom with "final force of law." *Lewis*, 496 F.3d at 656. The Complaint says nothing about other instances of misconduct in Madison County. Two instances of prosecutorial misconduct in one criminal case do not establish a widespread practice.

Finally, the Complaint does not allege that Mr. Everling's injuries were caused by someone with final policymaking power. Mr. Ragains is only a deputy prosecutor. His actions were subject to the approval of Mr. Broderick, the elected prosecutor. Regardless, prosecutors are state, not county, officials. *See Bibbs*, 997 F. Supp. at 1178. Thus, their decisions cannot be those of a "person with final policymaking authority" for the local government. *Lewis*, 496 F.3d at 656.

The Complaint asserts only sparse conclusory allegations regarding the County's involvement in Mr. Everling's injuries. On the facts alleged, no cognizable § 1983 cause of action exists.

### 2. Tort and Fraud Claims

Madison County also is sued under several tort and fraud related claims. However, the factual allegations in the Complaint are insufficient to adequately state a claim for relief.

As discussed above, Indiana prosecutors are state, not county, officials. "In Indiana, a prosecuting attorney does not exercise county power and does not answer to county authorities except for seeking 'necessary' funds to operate the office." *Bibbs*, 997 F. Supp. at 1180. Although the county is required to pay for some deputy prosecutors, the state pays the salary of the elected prosecutor and a chief deputy prosecutor. Ind. Code § 33-39-6-2. Quite logically, a local government in Indiana cannot be held liable for actions neither it nor its employees take. Ind. Code § 34-13-3-3(10). As such, specific allegations demonstrating Madison County's involvement in Mr. Everling's injuries are required. The Complaint fails to assert any non-conclusory allegations.

Madison County is mentioned in the factual allegations only once, and even then only to allege that Mr. Everling was a citizen of Madison County. All other factual allegations mention other defendants or the Madison County Prosecutor's Office. Further, even though the eighth cause of action lists seven distinct claims (Filing No. 1 at 21), there are no non-conclusory allegations to support the listed claims. The fact that Mr. Everling alleged so many different claims in the same cause of action speaks to their threadbare, conclusory nature. The Complaint fails to state a claim involving these tort and fraud claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Ragains and Mr. Broderick's Motion to Dismiss (Filing No. 19) and the County of Madison's Motion to Dismiss (Filing No. 34).

**SO ORDERED.**

Date: 3/23/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Zaki M. Ali
ATTORNEY AT LAW
zali@zakiali.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

Cory Christian Voight
COOTS HENKE & WHEELER, P.C.
cvoight@chwlaw.com

Kent Jameson Perkins
COOTS, HENKE & WHEELER
kperkins@chwlaw.com

Robert C. Allega
INDIANA ATTORNEY GENERAL
Robert.Allega@atg.in.gov

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov